# Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Margaret McLaughlin, Administratrix of the Estate of James McLaughlin.

1. NEGLIGENCE—*Signals at Railroad Crossings.*—In order to convict a railroad company of negligence in not maintaining a signal at a crossing of another railroad, it must be shown that the signal was necessary.

2. INSTRUCTIONS—*Must be Confined to the Negligence Charged.*—An instruction upon the question of negligence must be confined to the scope of the negligence alleged in the declaration.

**Memorandum.**—Action for damages. Death from negligent act. In the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed November 30, 1894.

R. L. McKINLAY and C. S. CONGER, attorneys for appellant.

F. W. DUNDAS and H. S. TANNER, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

It appears from the evidence that the deceased, James McLaughlin, was employed by appellant company in the capacity of road supervisor, and while so employed, that he was riding on an engine which collided with the caboose of a freight train of the I. & I. S. R. R. Co., at the crossing of the two railroads, whereby the engine was thrown from the track, and said McLaughlin was killed.

The declaration alleged in the first and second counts that the collision was through the fault and negligence of the engineer, who, as was alleged, was not a co-employe with the deceased. In the fifth count it was alleged that the defendant had negligently failed to place a signal at the crossing and that for the want of such signal the engineer was not able to determine the location of the crossing and

by reason of such negligence the collision occurred. The other counts in the declaration were abandoned. The plaintiff recovered a verdict and judgment thereon for $5,000. The accident occurred at night and when it was very dark. There was no signal at the crossing, which was within the corporate limits of the city of Robinson.

From the proof it appears that there were twenty-five or thirty houses clustered about the crossing and south of it, in which there were lights which could have been seen by the engineer for at least a half mile south of the crossing. The engineer whistled at about the proper place south of the crossing, but did not come to a stop.

The lights in these houses should, and probably did, give him sufficient notice of the locality, and, if so, then it was through his mere negligence that the collision occurred.

There is no proof that a signal was necessary and that the company was negligent in not having provided one. On the contrary the circumstances tend to show that it was unnecessary, and hence there was no negligence in the omission. The defendant offered no testimony, and the case went to the jury on the testimony offered by the plaintiff.

There was nothing upon which to predicate a recovery under the fifth count and it was error to give the first instruction asked by the plaintiff, which assumed that there was evidence "that the defendant had neglected to provide all reasonable and proper precautions to prevent accidents in the crossing of said other railroad," * * * "and that the death of the deceased was caused by the neglect of defendant to provide such precautions."

The instruction was faulty in not confining the scope of negligence to that alleged, to wit, failing to provide a signal, but the radical objection to it is that there was not sufficient evidence upon which to base it.

This error is the more serious because the only other ground of recovery claimed by the plaintiff was that the negligence of the engineer was not that of a fellow-servant.

Whether the deceased and the engineer were fellow-servants is, to say the least, a very close question, which the

jury might have preferred to pass over if recovery could be based upon the failure to provide signals, as was alleged in the fifth count.

It can not be known upon which ground they found their verdict, and if, as above indicated, there was no foundation for a recovery under that count, it was highly prejudicial to the defendant to give said instruction.

In this view of the case we are not disposed to discuss the question of fellow-servants, but we leave it open for the unbiased consideration of the jury if there shall be another trial.

The third instruction is criticised by the appellant as not properly stating the rule by which the question is to be settled.

We are inclined to think it is so drawn as to place before the jury as a chief test that the deceased and the engineer were employed in different departments of labor and were wholly separated and disconnected in the performance of their duties, that is to say, that their duties were wholly separate and distinct. This might be true and yet, in performing their separate and distinct functions, they might have been so habitually thrown together or consociated as to exercise an influence upon each other promotive of proper caution. While the instruction as drawn may be correct in a general sense, yet it is so framed as to be somewhat misleading, and apparently in conflict with those given upon the same point at the instance of the defendant. For the error indicated the judgment will be reversed and the cause remanded.